UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARIBE SANFORD,

        Plaintiff,                    Case Number: 2:16-CV-11311
                                              HON. ARTHUR J. TARNOW

v.

MACOMB COUNTY JAIL,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.

Pending before the Court is Plaintiff Caribe Sanford's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff, an inmate at the Macomb County Jail, challenges the adequacy of the jail law library, claiming that the library lacks up-to-date materials, the handling of his legal mail, and the unavailability of postage for him because he is indigent. Plaintiff names the Macomb County Jail as the only defendant and seeks injunctive and monetary relief. The Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted and denies Plaintiff's Motion for Appointment of Counsel and Motion for Alternative Dispute Resolution as moot.

## II.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable

basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.

Petitioner names the Macomb County Jail as the only defendant.  It is well-settled that a county jail is not a proper entity to suit under § 1983.  *Watson v. Gill,* 40 F. App'x 88, 89 (6th Cir. 2002); *see also Thomas v. McCracken County*, No. 5:06CV-P34-R, 2006 WL 3420299, * 2 (W.D. Ky. November 28, 2006) (holding that a county jail is not a "person" who may be sued under § 1983); *Harvey v. Ridge*, 2007 WL 674710, *6 n.7 (D. N.J. February 28, 2007) (same).   Plaintiff thus fails to state a claim upon which relief may be granted in this case and his complaint against the Macomb County Jail must be dismissed.

### IV.

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.  Accordingly, IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel [ECF No. 2] and Motion for Alternative Dispute Resolution [ECF No. 3] are denied as moot.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 25, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 25, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant